## James S. Hanks v. William Pickett.

The obligor in a bond covenanted to obtain for the obligee, within three years, title to the land occupied by the latter as his pre-emption claim, provided the land was vacant; or, if the land was not vacant, that he would refund to the obligee the money paid him by the latter—*he'd*, that time was not of the essence of the contract.

Though not stipulated in such bond that the obligee should appear before the proper authority, and make the proof required by law, in order to enable the obligor to perform his part of the contract, yet such an undertaking, on the part of the obligee, is to be necessarily implied; and if, in consequence of his failure so to appear when requested by the obligor, the latter fails to comply with his contract within the time prescribed, the obligee is not thereby entitled to regard the contract at an end, or to proceed, in disregard of the contract, to obtain the title himself.

If, under such circumstances, the obligee proceeds to obtain the title himself, thereby putting it out of the power of the obligor to perform his contract, the obligee is not entitled to recover from the obligor the money paid by him to the latter as the consideration of the contract.

Appeal from Anderson. Tried below before the Hon. R. A. Reeves.

On the 26th of April, 1852, Hanks, the appellant, executed to Pickett, the appellee, his bond in the penalty of two hundred and four dollars, conditioned that he would, within three years thereafter, obtain for Pickett good title to two hundred acres of land upon which Pickett then resided, provided the land was vacant; or that, if the land was not vacant, he would return to Pickett one

7*

hundred and two dollars, paid him by the latter as the considera-tion of the contract.

This action was commenced by Pickett on the 5th of November, 1857, to recover damages from Hanks on account of the failure of the latter to perform his covenant.

The defendant, in his answer, alleged that at the date of the bond, the land mentioned was public land of the State, in the oc-cupancy of the plaintiff; for the clearing out of the title to which, the latter, at the date of the bond, paid to him, the defendant, the one hundred and two dollars therein mentioned; that in order to enable the defendant to secure the land for the plaintiff, it was and became necessary for the plaintiff to appear in person before the county clerk, and, upon proper proof, to obtain a certificate that he had resided upon the land for three years; that for the purpose of defrauding defendant, and of rendering it impossible for him to perform his contract, the plaintiff refused to go before the clerk for the purpose of making the proof required by law; but that the plaintiff, on the 19th of May, 1855, without the knowledge or con-sent of the defendant, fraudulently and secretly obtained the county clerk's certificate, and thereupon obtained a patent for the land, under a survey previously made at the instance and expense of the defendant, whereby the defendant was prevented from ob-taining the patent.

The case came to trial at the Fall Term, 1856, when there was verdict in favor of the plaintiff for $102; but a new trial was granted on the motion of the defendant.

At the Fall Term, 1857, the case again came to trial. The de-fendant proved that about the expiration of the three years within which he was bound to obtain the title for the land, both he and the plaintiff being in the county clerk's office, he, the defendant, called upon the plaintiff, and proposed that as a good time to get out his pre-emption certificate, there being then two of his neigh-bors in town by whom the necessary proof could be made; that the plaintiff replied that he did not then have time, but would soon do as requested by the defendant; that a short time afterwards, Pick-ett, the plaintiff, came back to the office and got out his certificate, and directed the clerk to give it to Mr. E. H. Horrell, which the

Hanks v. Pickett.

clerk accordingly did. It was, also, in evidence, that a patent for the land issued to Pickett on the 10th day of January, 1856.

There was again a verdict for the plaintiff for $102, and judgment accordingly. The motion of the defendant for another new trial was overruled, and he appealed.

*John E. Cravens*, for appellant.

*Donley & Anderson*, for appellee.

WHEELER, C. J.—The charge of the court appears to have proceeded upon the ground, that time was of the essence of the contract, and that the defendant was bound to procure the title within the time specified in his bond or forfeit his right, unless prevented by the plaintiff. We do not so regard it. The object was to procure the title. If this object was attained, the purpose which the parties had in view was accomplished; and it is not perceived that it could work any injury to the plaintiff, if it was delayed beyond the time specified in the bond, if the delay was not for an unreasonable length of time. It was not in the power of the defendant to procure the title until the plaintiff went before the court and made proof of his rights, and obtained the pre-emption certificate. Although he had not expressly undertaken to do so, yet this undertaking on his part was necessarily implied. When called on, he did not object on the ground that the defendant had not been sufficiently diligent. He ought then to have procured the certificate, or, when he was ready to do so, to have notified the defendant, in order that he might be enabled to proceed to the fulfillment of his contract. Then, if he failed to fulfil it within a reasonable time, the plaintiff might have taken advantage of his default. But having declined to afford the defendant the opportunity when he should have done so, he was taking advantage of his own wrong when he proceeded to obtain the title himself, and then sought to annul the contract which he had thus prevented the defendant from performing.

We think the court erred in the charge to the jury, and that the verdict is not warranted by the evidence. The judgment is reversed, and the cause remanded.

Reversed and remanded.